1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| MARK RAYMOND PHELPS, | CASE NO. 1:13-cv-00309-LJO-MJS |
|---|---|
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM |
| v. | |
| MATTHEW CATE, et al., | (ECF No. 14) |
| Defendants. | FOURTEEN (14) DAY OBJECTION DEADLINE |

## I. PROCEDURAL HISTORY

Plaintiff Mark Phelps, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 4, 2013. (ECF No. 1.) The Court screened Plaintiff's complaint and dismissed it for failure to state a claim but gave leave to amend. (ECF No. 11.) Plaintiff's First Amended Complaint (ECF No. 14.) is now before the Court for screening.

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

§ 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail "to state a claim upon which relief may be granted," or that "seek monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## III.    SUMMARY OF COMPLAINT

Plaintiff identifies (1) Matthew Cate, Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), (2) Mike Stainer, Warden of the California Correctional Institution ("CCI") at Tehachapi, (3) J. Zamera, Appeals Examiner, (4) D. Foston, Chief of Appeals, and correctional officers: (5) Kristofer Campbell, (6) Jordan Dalton, (7) Steve Gurule, (8) Elizach Rangel, and (9) Does 1-8 as Defendants. Plaintiff's allegations can be summarized essentially as follows:

On May 19, 2011, two inmates, Charest and Medina, attacked Plaintiff by stabbing him nine times in the exercise yard. A third inmate, Boukes, was complicit in the attack. Plaintiff believes he was attacked because he was mistakenly identified as a sex offender and because prison guards condone and allow such attacks.

One or more of the Doe Defendants (Does 1 and/or 2) and Defendants Dalton, Gurule, and Rangel were in charge of strip searching Plaintiff, Charest, and Medina prior to allowing them to enter the exercise yard. Defendants either were negligent in following the procedures for searching the inmates or purposefully allowed the knife to be passed through security.

Defendants Campbell, Dalton, Gurule, Rangel, and Does 3 and 4 violated CDCR policy by failing to properly search cells. Proper and routine cell searches would have resulted in the knife being found prior to the attack on Plaintiff.

In retaliation against Plaintiff for filing grievances regarding the incident, Defendants Stainer, Campbell, Dalton, Gurule, Rangel, and Does 1-6 required him to remain in administrative segregation ("ad-seg") for an extra 191 days, from September 11, 2011 until April 26, 2012. Placement in ad-seg chilled Plaintiff's desire to pursue grievances. Inmates should only be placed in ad-seg for short periods of time because inmates are confined to 60 square feet cells for 23 hours per day. The conditions in ad-seg are more severe because inmates have greater restrictions on their use and possession of property and participation in prison activities. There was no penological purpose for placing Plaintiff in ad-seg because Plaintiff had served his term in the segregated housing unit and was set to return to regular housing.

Defendants Cate, Stainer, Zamera, Foston, and Does 7 and 8 failed to protect Plaintiff, prevented him from filing grievances, and retaliated against him as is evidenced by: 1) Plaintiff's grievance being converted to a staff complaint, 2) the failure of the prison to punish the involved correctional officers, 3) after the incident, the District Attorney was not notified and asked to file charges against the inmates involved, and 4) Stainer and Cate's conduct in protecting officers who violate prison policy.

As a result of the attack, Plaintiff sustained both physical injuries and psychological and emotional damage. Plaintiff seeks damages and costs for Defendants' violations of his Eighth and Fourteenth Amendment rights and California state law.

## IV.    ANALYSIS

### A.    Section 1983

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (*quoting* 42 U.S.C. § 1983). Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method

3

for vindicating federal rights conferred elsewhere.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker* v. *McCollan*, 443 U.S. 137, 144, n. 3 (1979)).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution and laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Ketchum v. Cnty. of Alameda*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. *Id.*

## B.     Official Capacity

Plaintiff sues Defendants Cate, Stainer, and Defendant Does 1-8 in their individual and official capacities. Plaintiff may not bring suit for monetary damages against Defendants in their official capacities. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). Plaintiff's official capacity claims should be dismissed without leave to amend.

## C.     Eighth Amendment – Failure to Protect

The Eighth Amendment "protects prisoners . . . from inhumane methods of punishment . . . [and] inhumane conditions of confinement." *Morgan v. Morgensen*, 465

4

F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and severe, prison officials must provide prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). They also have a duty to take reasonable steps to protect inmates from physical harm by other inmates. *Id.* at 833.

To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's health or safety. *Id.* at 834. "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "'If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* at 1057 (*quoting Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002)). The prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Id.* at 837; *Anderson v. Cnty. of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995). To prove knowledge of the risk, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. *Farmer*, 511 U.S. at 842.

Plaintiff's allegations do not support a claim against Defendants for failing to protect him against inmates Charest, Medina, and Boukes. Plaintiff alleges that Defendant Does 1 and/or 2 and Defendants Dalton, Gurule, and Rangel violated his Eighth Amendment rights by either failing to properly search inmates or purposefully allowing the knife to be passed through. Plaintiff does not link the Doe Defendants to any particular conduct, but just generally alleges that one or more of them was involved in the violation of his rights. Plaintiff also fails to allege facts that would support the conclusion that any of these Defendants was deliberately indifferent to a substantial risk of serious harm. The very nature of the segregated housing unit environment being

5

comprised of violent inmates or the mere fact that a knife passed through the security system does not amount to deliberate indifference. Plaintiff has failed to plead any facts suggesting that any of the Defendants knew or should have known of the knife or of any intent to attack Plaintiff. At most he alleges simple negligence which does not give rise to a Constitutional claim.

Plaintiff alleges that Defendants Campbell, Dalton, Gurule, Rangel, and Does 3 and 4 failed to protect him by not routinely and properly conducting cell searches which would have led to the discovery of the knife. However, again Plaintiff has failed to plead facts to suggest these Defendants knew that inmates Charest, Medina, and Boukes were planning an attack or otherwise presented a substantial risk of harm to Plaintiff's safety. Plaintiff was advised in the Court's prior screening order that his allegations regarding the knife were purely speculative and unsupported by fact. His observation that generally correctional officers did not conduct searches in a diligent manner, if at all, does not support that on the date of the attack these Defendants knew the inmates had the knife in one of their cells and purposefully failed to locate and/or dispose of it so that it could be used in the attack on Plaintiff.

Lastly, Plaintiff states that Defendants Cate, Stainer, Zamera, Foston, and Does 7 and 8 failed to protect him, but he fails to allege any facts to demonstrate how or in what regard they could have, but did not, protect him. The only alleged conduct regarding these Defendants involves actions taken after the assault occurred.

Plaintiff has not stated an Eighth Amendment claim for failure to protect against these Defendants. Plaintiff was advised of the deficiencies in his claim in the Court's prior screening order. Plaintiff's failure to correct them is reasonably construed as an inability to do so. Leave to amend would be futile and should be denied.

### D.    First Amendment -- Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against

6

an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff alleges that Defendants Cate, Stainer, Campbell, Dalton, Gurule, Rangel, Zamera, Foston and Does 1-8 retaliated against him. However, Plaintiff fails to link any of these Defendants to the alleged retaliatory conduct. He concludes, without support, that Defendants Cate and Stainer were definitely involved, and he speculates that Defendants Zamera, Foston, and some of the John Doe Defendants may have been involved. Plaintiff also alleges that he will discover additional facts regarding the remaining Defendants during the discovery process. Plaintiff has failed to allege that each of these Defendants personally participated in the deprivation of his rights. *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

With respect to the elements of his claim, Plaintiff adequately alleges that: 1) an adverse action was taken against him by placing him in segregation, 2) he filed and pursued a grievance, a protected action under the First Amendment, 3) he was transferred to an environment where he was confined for 23 hours per day and deprived of regular prisoner privileges, an action that would chill a person of ordinary firmness from repeating the actions which caused the transfer, and 4) there was no legitimate correctional reason for placing him in ad-seg for that period of time. *See Rhodes*, 408 F.3d at 568-69 (*citing Mendocino Envtl. Ctr. v. Mendocino Cnty.*, 192 F.3d 1283, 1300 (9th Cir. 1999). However, Plaintiff fails to allege facts to fulfill the pleading requirements for the second element. Plaintiff has not tied his filing of grievances to his placement in ad-seg. He fails to allege any facts that would support the conclusion that his protected conduct was a "'substantial' or 'motivating' factor behind the [Defendants'] conduct." *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009) (*quoting Sorrano's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989)).

Plaintiff was advised of the deficiencies in his claim in the Court's prior screening order. Plaintiff's failure to correct them is reasonably construed as an inability to do so. Leave to amend would be futile and should be denied.

### E.    Appeals Process

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). However, prisoners have no stand-alone due process rights related to the administrative grievance process. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). Failing to properly process a grievance or denying a grievance does not constitute a due process violation. *See, e.g.*, *Wright v. Shannon*, No. 1:05-cv-01485-LJO-YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); *Williams v. Cate*, No. 1;09-cv-00468-OWW-YNP PC, 2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims.").

Plaintiff complains that his grievances were denied, that the correctional officers went unpunished, and that there were discrepancies in the rulings between the second and third levels of review. Plaintiff has not stated a cognizable due process claim since no such rights exist relative to the administrative grievance process. Leave to amend would be futile and should be denied.

### F.    California Code of Regulations and Prison Policies

To the extent that Plaintiff alleges Defendants violated the CCR, he does not state a cause of action. As the Court previously advised Plaintiff in the prior screening order, the existence of the CCR does not necessarily entitle an inmate to sue civilly, and leave to amend was denied on that basis. (ECF No. 11.)

## G.    Supervisory Liability

Government officials may not be held liable for the actions of their subordinates under a theory of *respondeat superior*.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 691 (1978).  Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named Defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.  *Iqbal*, 556 U.S. at 676.

Liability may be imposed on supervisory defendants under § 1983 only if the supervisor: (1) personally participated in the deprivation of constitutional rights or directed the violations or (2) knew of the violations and failed to act to prevent them.  *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff alleges essentially that Defendants Stainer and Cate implemented ineffective policies and insulated correctional officers from punishment.    These allegations are insufficient to demonstrate that Defendants personally took some action that violated Plaintiff's constitutional rights, especially in light of the Court's ruling on Plaintiff's claims against the subordinate Defendants. Plaintiff was advised of the deficiencies in his claim in the Court's prior screening order.  Plaintiff's failure to correct them is reasonably construed as an inability to do so.  Leave to amend would be futile and should be denied.

## H.    State Law Claims

Plaintiff alleges state law claims for negligence, failure to protect and be free from cruel and unusual punishment, inhumane prison conditions, interference with his filing of grievances and retaliation.  As discussed above, Plaintiff has not stated a viable federal claim in his First Amended Complaint.    Therefore, the Court will not exercise supplemental jurisdiction over his state law claim.  28 U.S.C. § 1367(a); *Herman Family*

*Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001).

### I.    Judicial Notice

Plaintiff asks the Court to take judicial notice of sections of the California Code of Regulations that he attaches to his Complaint as Exhibit D.

Federal Rule of Evidence 201 authorizes the Court to take notice of facts that are "not subject to reasonable dispute because . . . [they] can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(a)-(b)(2).    This authority includes laws, city ordinances, and opinion letters. *See Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006).  The Court takes judicial notice of the documents.

## V.    CONCLUSION AND RECOMMENDATIONS

Plaintiff's First Amended Complaint does not state a claim upon which relief may be granted.  Plaintiff was advised in the prior screening order of deficiencies in his claims and was given the opportunity to correct them.  Plaintiff has failed to do so.  Any further leave to amend reasonably appears futile and should be DENIED.  The Clerk should send Plaintiff a copy of his First Amended Complaint filed on March 9, 2015 (ECF No. 14.) with this order.

The undersigned recommends that the action be dismissed with prejudice, that dismissal count as a strike pursuant to 28 U.S.C. § 1915(g), and that the Clerk of the Court terminate any and all pending motions and close the case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen** (14) days after being served with the findings and recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections.  The parties are

advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (*citing Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   April 28, 2015                    /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE