UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK RAYMOND PHELPS, | CASE NO. 1:13-cv-00309-LJO-MJS (PC) |
| Plaintiff, | ORDER DENYING MOTION FOR LEAVE TO FILE SUPPLEMENT TO FIRST AMENDED COMPLAINT |
| v. | |
| MATTHEW CATE, et al., | (ECF No. 21) |
| Defendants. | |

## I. PROCEDURAL HISTORY

Plaintiff Mark Phelps, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 4, 2013. (ECF No. 1.) The Court screened Plaintiff's Complaint and dismissed it for failure to state a claim but gave leave to amend. (ECF No. 11.) Plaintiff filed a First Amended Complaint. (ECF No. 14.) The Court screened the First Amended Complaint and issued Findings and Recommendations to dismiss the case with prejudice for failure to state a claim (ECF No. 15.). Plaintiff then filed a supplement to his First Amended Complaint which was stricken. (ECF Nos. 16 & 17.) Plaintiff now seeks reversal of the Court's order striking his supplement and seeks leave to file it. (ECF No. 17 & 21.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be 'used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances'" exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (*quoting Latshaw v. Trainer Wortham & Co., Inc.,* 452 F.3d 1097, 1103 (9th Cir. 2006)). The moving party "must demonstrate both injury and circumstances beyond his control." *Latshaw,* 452 F.3d at 1103. In seeking reconsideration of an order, Local Rule 230(j) requires a party to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009), and "'[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation . . .'" of that which was already considered by the court in rendering its decision. *U.S. v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (*quoting Bermingham v. Sony Corp. of Am., Inc.*, 820 F. Supp. 834, 856 (D. N.J. 1992)).

## III. ANALYSIS

Plaintiff argues that the supplement demonstrates he complied with the California Tort Claims Act and would therefore allow the Court to exercise supplemental jurisdiction over his state law claims even if all of the federal law claims are dismissed.

Plaintiff has not presented evidence or legal justification for the reversal of the Court's prior order striking his supplement. Even if the Court considered Plaintiff's supplement in screening his First Amended Complaint, it would not change the Court's

ruling on his state law claims. The Court did not dismiss Plaintiff's state law claims in his First Amended Complaint for failure to comply with the California Tort Claims Act. Rather, the Court declined to exercise supplemental jurisdiction over them because Plaintiff failed to state a viable federal claim. (ECF No. 15.)

## IV. CONCLUSION AND ORDER

Based on the foregoing, Plaintiff's motion for leave to file the supplement to his First Amended Complaint (ECF No. 21) is HEREBY DENIED.

IT IS SO ORDERED.

Dated: August 14, 2015      /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE